## JAMES WEIR V. JOHN VAN BIBBER.

1. It is necessary to the validity of an entry of land that it be made with such certainty and precision that the adjacent lands, remaining vacant, can be located without confusion of the boundaries.

2. Whether the lodging of a testimonio in the General Land Office operated as constructive notice of the grant, or whether it should have been recorded in the county where the lands were situated, were questions of law and for the determination of the court.

3. That evidence adduced for the purpose of proving the locality of a grant was uncertain and indeterminate in its character was not a sufficient reason for excluding it from the consideration of the jury, if it tended to establish the issue.

ERROR from Victoria. Tried below before the Hon. J. J. Holt.

This suit was instituted in Goliad county in 1861, but the venue was changed to Victoria.

The evidence was volumincus, and the facts of quite a complicated character, not explicable without plats, etc. But in view of the rulings, they are not important.

*R. A. Howard, Mills & Tevis* and *Givens*, for the plaintiff in error.—The court charged that if the grant was made without any sufficient survey, it is void. The presumption of law is that the survey was made, and there is no proof against it, except the opinion of Tally, which is not evidence. As to presumptions in favor of the grant, and the acts of the officers issuing it, see Williams v. Simpson, 16 Texas, 438; Id., 391; Bissell v. Haynes, 9 Texas, 556; Paschal v. Perez, 7 Texas, 384; McGehee v. Dwyer, 22 Texas, 435; Chambers v. Fisk, 22 Texas, 504; Jenkins v. Chambers, 9 Texas, 167; Titus v. Kimbro, 8 Texas, 210; Jones v. Garza, 11 Texas, 207; Lewis v. San Antonio, 7 Texas, 288; Norton v. Mitchell, 13 Texas, 47; 21 Texas, 728; 16 Texas, 516; 7 Texas, 384; and 26 Texas, 253. And the cases from the Supreme Court of the United States cited and approved in the above cases. Where the act is by the proper officer, " every presumption is in favor of the grant."

The fourth charge is that " the survey must set apart the land with such certainty that the land may, from the field notes alone, be known and designated, etc." This is error. The petition to the Governor, and all the papers preceding the survey, form a part of the title, and are to be considered to ascertain its locality.

The description of the land is by the commissioner who extends the title, and not by the surveyor, who is merely the agent of the commissioner, and for whom he is responsible. Decree No. 190 of Coahuila and Texas, dated April 12, 1832, in article five adopts the instructions to commissioners of September 4, 1827; of which article seven provides in regard to the commissioner :

" He shall appoint, under his own responsibility, the surveyor, who must survey the land scientifically, requiring him previously to take an oath truly and faithfully to discharge the duties of his office.

" Article 8. He shall form a manuscript book of paper of the third seal, in which shall be written the titles of the lands distrib-

uted to the colonists, specifying the names, the boundaries, and other requisites and legal circumstances, and a certified copy of each title shall be taken from said book, on paper of the second seal, which shall be delivered to the interested person as his title."

This makes the entire record of the commissioner a part of the title, and is exactly what the court charged against. This charge is erroneous, and misled the jury by excluding from their consideration all the description of the land in the Uranga grant, not contained in the field notes proper of Geo. W. Cash, the surveyor. The court below seems to have confounded the Mexican system of granting lands with our own, by location, survey and patent. They are as widely different as two things having anything in common can well be. Principles applicable to one are totally inapplicable to the other.

The fifth charge is calculated to mislead the jury. No such call as stated therein appears in the field notes. On the contrary, the call is from a fixed point designated by marked natural objects —*i. e.*, the bearing trees, which were found and sufficiently identified.

"When objects of the character called for are found, they shall be taken as alluded to, if others of a like kind are not found near and proved." (1 Bibb., 123; Id., 107, 67, 50, 86; and Herbert v. Bartlett, 9 Texas, 97.)

The charge then states, "should the jury find the survey in the grant insufficient, as above stated, they should find for the plaintiff." But all of the description in the title, and all the marks, natural and artificial, found, should have been permitted to have been considered by the jury. "The bearing trees, of beginning on the Medio:"—Every fair inference, in the absence of proof, would be, that this, an alteration in an immaterial matter, was a clerical error of the person who copied the protocol, corrected by himself, or under his direction; and if so, it will hardly be pretended that it vitiates and avoids the grant.

" Misrecitals of a grant in the title papers do not avoid it if it can be ascertained." (Fuller v. Duncan, 18 Texas, 34; Senne v. Bayne, 18 Texas, 50; Booth v. Upshur, 26 Texas, 64; Robertson v. Mosson, 26 Texas, 248.

*Glass & Callender*, for the defendant in error, discussed the evidence.

WALKER, J.—This is an action of trespass to try title. About seventeen hundred and ninety-six acres of land are the subject of controversy.

Van Bibber derives title from the State; his patents were issued in the year 1853.

The plaintiff in error claims title to the land under an older grant, known as the Uranga grant, dated in 1834, and calling for eleven leagues of land, within which leagues it is claimed the lands in controversy are situated.

There is no question about the validity of the Uranga grant, other than that it is claimed that it was so imperfectly described in the calls that it could not be identified.

It is necessary to the validity of an entry that it should be made with such certainty and precision that the adjacent lands remaining vacant may be located without confusion of the boundaries. (Johnson v. Pannel, 2 Wheaton, 208; Shipp v. Miller, Id., 325; Garnet v. Jenkins, 9 Wheaton, 75; Lewis v. Durst, 10 Texas, 415; Welder v. Carroll, 29 Texas, 317.)

The question of notice was properly submitted to the jury. Whether the boundary lines of the Uranga grant were so defined as to notify the public of their location was the main question of fact the jury was called on to settle.

It was a question for the court whether lodging the *testimonio* of the grant in the General Land Office operated as constructive notice, or not; and whether it should not be recorded in the county where the lands were situated. In Gilbeau v. Mays, *et al.*,

it was held that where there was no record of a prior grant in the General Land Office, nor in the county where the lands were situated, a subsequent location will hold the land, unless the subsequent locator had notice of a prior appropriation of the land, or the facts were such as should have put a prudent man upon inquiry.

We think the court erred in its conclusions and instructions as to the vagueness and uncertainty of the evidence. If by meandering the Medio and Blanco creeks, it had been found that the surveyors, Giraud, Cash, Tulley and McKenney, had ascertained the point and the only point at which a line two miles in length would cut the waters of both streams, it should have been left to the jury to determine whether the Uranga grant had been marked by this line. The testimony may be uncertain and doubtful, but we think it should be passed upon by the jury; and the charge of the court, in virtually withdrawing the evidence from the jury, we can but regard as erroneous.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.